SOUTH TEXAS MORTGAGE CO. v.
DOZIER.

(Court of Civil Appeals of Texas. Austin.
June 4, 1913.)

1. WITNESSES (§ 379*)—CROSS-EXAMINATION—
IMPEACHMENT.

Where, in an action to cancel an executory contract for the sale of certain lots to plaintiff by a corporation, one of defendant's witnesses testified on cross-examination that he thought the corporation was composed of good men and they would do what they promised, plaintiff was not entitled to impeach him by introducing a letter, written by the witness to a third person, in which witness stated that he had done certain work for the corporation, had not gotten his money therefor, and that the outfit was a gang of cut-throats; the witness' opinion as to the integrity of the corporation's officers being an immaterial matter.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1209, 1220–1222, 1247–1256; Dec. Dig. § 379.*]

2. TRIAL (§ 307*)—MISCONDUCT OF JURY—
CONSIDERATION OF MATTER NOT IN EVI-
DENCE.

Where, in a suit to cancel an executory contract for the sale of land, a public record book, containing the record of a deed of trust covering the city addition in which the land was located, was introduced in evidence, and the book was sent to the jury room with the consent of both parties, that the jury might examine the deed, and the jury discovered another deed of trust in the record covering the same land, which neither party knew was recorded in the book, and which had not been introduced in evidence, and one of the jurors testified that such additional incumbrance caused him to consent to a verdict for plaintiff, and, but for his belief that such additional incumbrance existed, he would not have found for plaintiff, it was reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 732–737; Dec. Dig. § 307.*]

Appeal from District Court, Bell County; Jno. D. Robinson, Judge.

Action by W. E. Dozier against the South Texas Mortgage Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

M. E. Monteith, of Belton, and A. M. John and J. W. Lockett, both of Houston, for appellant. John B. Daniel, of Temple, for appellee.

JENKINS, J. This suit was brought by appellee to cancel an executory contract for the sale of certain lots in the Laurel Heights addition to the city of Temple, alleging as a cause of action fraudulent representation of facts, in that the Western Land Corporation represented to appellee that it had a good title to said property, when in fact it was indebted for said property, said indebtedness being secured by a vendor's lien in the sum of $10,100, which indebtedness had never been paid, and that the defendant herein was unable to pay the same, and also fraudulent promises on the part of said corporation, in that it agreed to open Sixth street from Temple to said property, which was the only way by which connection could be secured from said property to the city of Temple, and without which said property was worthless as town lots, to macadamize said Sixth street to Lamar avenue, up Lamar avenue and Eighth street to the Munn residence, and to construct cement sidewalks in front of all the lots in said addition, which said promises said land corporation had no intention of executing at the time the same were made, and had not fulfilled said promises; that said land corporation had transferred to appellant, the South Texas Mortgage Company, the land embraced in said Laurel Heights addition, and that appellant had assumed all the obligations of said land corporation, and had not fulfilled the same, and was financially unable to do so; and that neither the said land corporation nor the appellant herein owned the land over which it was necessary for said Sixth street to run in order to connect said addition with the city of Temple, and were therefore unable to perform said promise, as they well knew at the time of making the same. There was a verdict and judgment for appellee, and judgment of the court canceling said contract, and that appellee recover the amount of money paid on same, together with interest thereon, and for foreclosure of lien on the lots mentioned in said contract.

[1] Among other errors assigned is the following: "The court erred in admitting the testimony of C. A. Foster to the effect that witness had written a letter to one Coe, in which the writer stated that the Western Land Corporation consisted of a bunch of crooks, and did not intend to carry out any of its agreements in regard to improvements in Laurel Heights addition to the city of Temple, because said testimony was inadmissible, immaterial, and prejudicial to the interest of the defendant, was hearsay, res inter alios acta, and opinion evidence." The witness Foster was placed upon the stand by appellant, and testified that he made certain improvements in said addition at the instance of the Western Land Corporation, and had been paid for the work he did. Upon cross-examination by appellee he was asked if he had not written a letter to one Coe, in which he said that the Western Land Corporation was a set of cut-throats. Witness denied having written such letter. Whereupon the appellee showed him a letter, which he acknowledged having written to Coe, in which, among other things, he stated: "I have put down only one block of walk, at the Laurel Heights, and have not got all my cash out of that. My opinion of it is that outfit are a gang of cut-throats, and all they aim to do is to sell a lot and get a couple of payments, and then take it away and sell it again next year." The witness, upon cross-examination by appellee, had testified

that he thought the Western Land Corporation was composed of good men, and that they would do what they promised. Had this opinion been elicited by appellant, the appellee might have impeached him by said letter; but a party cannot cross-examine a witness as to matters concerning which he was not examined by the opposite party, and, having obtained an unfavorable answer, impeach him by his contradictory statements theretofore made. Especially ought this not to have been permitted upon an immaterial matter, to wit, the opinion of the witness. This assignment must be sustained.

[2] Appellant also assigns as error the misconduct of the jury in reading and discussing in the jury room a certain deed of trust upon the land composing Laurel Heights, which was not introduced in evidence. A deed of trust on said Laurel Heights was introduced in evidence, and we presume that the record thereof was read from the record book, instead of original or certified copy. The jury asked that this record be sent to their room, in order that they might examine the deed of trust. Both parties consented to this, but neither party knew that there was another deed of trust in said record on said land. This fact was discovered by the jury, and they read and discussed this second deed of trust, which, as stated, was not introduced in evidence. One of the jurors testified that it was this additional incumbrance, as he understood it to be, that caused him to consent to a verdict for plaintiff, and that, but for his belief that such additional incumbrance existed, he would not have found for the plaintiff. It is reversible error for a jury to consider and discuss material evidence which was not introduced on the trial of the cause, for which reason this assignment also must be sustained.

It is also assigned as error that the court rendered judgment foreclosing a lien on the lots, when there was no finding of the jury as to this matter. We sustain this assignment of error.

As the other errors complained of are not likely to occur upon another trial, we deem it unnecessary to pass upon them.

For the reasons above stated, the judgment of the trial court is reversed and remanded.

Reversed and remanded.